## JEPTHA N. JACKSON
### v.
## MARY A. CRENEK.

*Master and Servant—" Domestic "—Wages—Recovery of—Termination of Employment.*

Judgment for the plaintiff in an action for wages, where the service was terminated prior to the expiration of the contract, held to have been sustained by the evidence, there having been several trials.

[Opinion filed July 1, 1889.]

APPEAL from the Circuit Court of Whiteside County; the Hon. W. J. McCoy, Judge, presiding.

Mr. J. D. ANDREWS, for appellant.

Mr. L. T. STOCKING, for appellee.

*Per Curiam.* This was assumpsit by appellee against appellant to recover for wages as a "hired girl" in appellant's family. Appellant employed appellee for a term of eight months, to work in his family at $3 per week. She worked from the 1st of March until about the 1st of July, when a controversy and a quarrel arose between appellant and his wife on one side and appellee on the other, resulting in the abandonment of her employment by appellee. The controversy arose out of a request on the part of appellant to appellee not to have her suitor drive into the yard after nine o'clock at night with his buggy inasmuch as it annoyed his sick wife. On the Sunday morning after this request an altercation grew up between appellant and his wife on the one side and appellee on the other which was commenced by appellee requesting appellant to mind his own business even if "Queen Victoria or his majesty the devil should call to see her." Hot and angry words followed all around, and appellee insists it ended by appellant telling her she could "pack her duds and go," and that in pursuance of this order she, on the following Sunday, left, and on appellant refusing to pay her this suit is brought. We learn from the records that there have been three or four trials below with various results and that the costs and litigation resulting from this controversy have been out of all proportion to the amount or principle involved. We are satisfied this verdict hangs upon a very slender thread of evidence to support it, and yet there is perhaps enough standing alone to support it, and certainly after three or four trials we ought to be very certain the evidence is entirely wanting in its support before reversing. From all the facts in evidence we think the jury might reasonably infer that she quit appellant's service with his consent if not by his direct order. The verdict and recovery was only for the amount she actually earned for four months' service at the agreed rate. Nothing was allowed for the unexpired term which she did not serve. Calvert v. Carpenter, 96 Ill. 67.

We find no error in the instructions of the court. The rule

announced for the assessment of damages in such cases, as laid down in Jones v. Dunton, 7 Ill. App. 586, was followed by the court in the instructions.

We are not disposed to be astute or critical in searching for technical errors for the purpose of prolonging trifling litigation, and especially so in case we can see that substantial justice has been accomplished.    The judgment is affirmed.

*Judgment affirmed.*